

FILED

AUG -9 2013

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**FRANK BONADIO**

    **Plaintiff,**

v.                                                                                            Civil Action No. 4:13cv108

**OCWEN LOAN SERVICING, LLC,
THE HUNOVAL LAW FIRM, POORE
SUBSTITUTE TRUSTEE, LTD.,
DAVID TKACH, AND OCWEN LOAN
SERVICING BOARD OF DIRECTORS**

    **Defendants.**

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, NORFOLK DIVISION:

Pursuant to 28 U.S.C. § 1331, 1332, 1441 and 1446, Defendant Ocwen Loan Servicing, LLC, ("Ocwen"), by counsel, hereby removes this action from the Circuit Court of James City County, to the United States District Court for the Eastern District of Virginia, Newport News Division.

Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331, diversity jurisdiction pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. §§ 1367(a) and 1441(c). Accordingly, Ocwen removes this action to this Court, and in support of its Notice of Removal states the following:

### I.    BACKGROUND

1.    On or about June 29, 2013, Plaintiff Frank Bonadio filed a Complaint against Ocwen, The Hunoval Law Firm ("Hunoval"), Poore Substitute Trustee, Ltd. ("Poore"), David

Tkach ("Tkach"), and Ocwen Loan Servicing Board of Directors ("Ocwen Board") (collectively, "Defendants") in the Circuit Court of James City County, Virginia, Case No. CL13-1260. A copy of the Complaint filed in state court, along with the Summons and Notice of Service of Process, is collectively attached hereto as **Exhibit A**.

2. This Notice of Removal is being filed within one (1) year of the date of commencement of the action for removal purposes.

3. Ocwen was served with the Complaint on July 22, 2013. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

4. As discussed below, Defendants Poore, Tkach, and the Ocwen Board were fraudulently joined in this action. As such, their consent to removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been *properly joined and served* must join in or consent to the removal of the action." (emphasis added)).

5. Further, Defendants Hunoval and Poore have consented to the removal of Plaintiff's Complaint to this Court. Copies of the Notices of Consent to Removal executed by counsel for Hunoval and Poore are attached hereto as **Exhibit B** and **Exhibit C**, respectively. Upon information and belief, Defendants Tkach and the Ocwen Board have not been served, and their consent to removal is thus not required even if they had not been fraudulently joined.

6. In his Complaint, Plaintiff asserts claims, among other things, purporting to arise under "federal housing laws" and other unspecified "federal laws." Additionally, Plaintiff asserts claims for breach of contract and an "intentional and malicious tort." Plaintiff's claims appear to arise from the foreclosure of his property.

7. Plaintiff seeks compensatory damages in the amount of $500,000, "together with attorney fees and court costs."

8. Ocwen denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner whatsoever. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, he could have originally filed the Complaint in this Court under federal question jurisdiction because resolution of Plaintiff's claims will require determination of significant, disputed issues under federal law. Plaintiff also could have filed the Complaint in this Court under federal diversity jurisdiction because the amount in controversy well exceeds $75,000, and Plaintiff and the non-fraudulently joined defendants are completely diverse. Further, this Court has supplemental jurisdiction over Plaintiff's state law claims. Removal of this entire case is therefore proper under 28 U.S.C. §§ 1331, 1332, 1367(a), and 1441.

## II. **FEDERAL JURISDICTION**

### A. Diversity Jurisdiction Exists Over Plaintiff's Claims

9. Plaintiff's Complaint gives rise to diversity jurisdiction as the citizenship of Plaintiff and the non-fraudulently joined defendants is completely diverse and the amount in controversy exceeds $75,000.

#### 1. Diversity of Citizenship

10. Upon information and belief, Plaintiff is a citizen of the Commonwealth of Virginia. (Complaint, at p. 1).

11. Defendant Ocwen is a limited liability company organized under the laws of Delaware, with its principal place of business in Florida. Upon information and belief, none of Defendant's members are citizens of the Commonwealth of Virginia. The sole member of

Ocwen is Ocwen Financial Corporation, which is a citizen of Florida as that is its state of incorporation and principal place of business. Accordingly, for purposes of federal jurisdiction, Ocwen is not a citizen of the Commonwealth of Virginia. *See Gen. Tech. Applications, Inc. v. Exro Ltd.*, 388 F.3d 114, 121, (4th Cir. 2004) (holding that limited liability company's "citizenship is that of its members"); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *New York State Teachers Ret. Sys. v. Kalkus*, 764 F.2d 1015, 1019 (4th Cir. 1985).

12. Defendant Hunoval is a North Carolina limited liability company with its principal place of business in North Carolina. Upon information and belief, none of Hunoval's members are citizens of Virginia for the purposes of establishing diversity jurisdiction. Accordingly, for purposes of federal jurisdiction, Hunoval is not a citizen of the Commonwealth of Virginia.

13. The citizenship of Poore, Tkach, and the Ocwen Board should be disregarded in determining diversity jurisdiction because those defendants have been fraudulently joined. *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

14. Under the fraudulent joinder "doctrine, a district court can assume jurisdiction over a case even if, *inter alia*, there are nondiverse named defendants at the time the case is removed. This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* at 461 (internal citations omitted).

15. When a party seeks to remove a case based upon the fraudulent joinder of a non-diverse party, it must "demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a

cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp.*, 187 F.3d 422, 424 (4th Cir. 1993) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).

16. "[I]n determining 'whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available.'" *Mayes*, 198 F.3d at 464 (quoting *AIDS Counseling & Testing Centers v. Group W Television*, 903 F.2d 1000, 1004 (4th Cir. 1990)).

17. "'The Court may consider affidavits and deposition transcripts, and [i]n this respect, the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P., Rule 56(b).'" *Hall v. Walters*, 2013 U.S. Dist. LEXIS 95858 (E.D. Va. 2013) (quoting *Beaudoin v. Sites*, 886 F. Supp. 1300, 1302 (E.D. Va. 1995)).

18. Defendant Poore is apparently sued in its capacity as trustee and as such, Poore is a nominal defendant and/or is fraudulently joined in an attempt to destroy the Court's diversity jurisdiction. *See Correll v. Bank of Am.*, No. 2:11-cv-466, 2012 U.S. Dist. LEXIS 12960 (E.D. Va. Feb. 2, 2012) (denying motion to remand and finding diversity jurisdiction when plaintiff made no substantive allegations against non-diverse substitute trustee); *see also Pham v. Bank of N.Y.*, No. 1:12-cv-2, 2012 U.S. Dist. LEXIS 51194, at *16 (E.D. Va. Apr. 10, 2012) (holding that substitute trustee was fraudulently joined because there is "no duty . . . requiring the trustee to ensure either that it was properly appointed or that the entity invoking the sale is the secured party with authority to foreclose"); *Sheppard v. BAC Home Loans Servicing, LP*, No. 3:11-cv-62, 2012 U.S. Dist. LEXIS 7654, at *21-22 (W.D. Va. Jan. 24, 2012).

19. When a complaint shows "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant," the doctrine of fraudulent joinder provides that diversity jurisdiction, otherwise proper, is not defeated. *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005).

20. Poore, as substitute trustee, was obligated by Virginia law to foreclose on Plaintiff's property. In the Complaint, Plaintiff asserts no allegations against Poore, and seeks no relief from Poore. None of the allegations in Plaintiff's Complaint have any bearing on whether Poore could proceed with foreclosure. On the contrary, all of Plaintiff's claims appear to arise from alleged conduct by defendants Ocwen and Hunoval. Thus, even if Plaintiff's allegations are true, which Ocwen denies, none of the relief sought may be recovered against Poore.

21. Plaintiff has not stated a cause of action against Poore and, in fact, no cause of action exists. *See AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (affirming denial of leave to amend on grounds of fraudulent joinder because "there is no real intention to get a joint judgment and there is no colorable ground for so claiming"). Accordingly, the citizenship of Poore is irrelevant for purposes of determining diversity. *See Dempsey v. Transouth Mortg. Corp.*, 88 F. Supp. 2d 482, 484-85 (W.D. N.C. 1999) (denying plaintiff's motion to remand on ground that substitute trustee is "a nominal party at best . . . . In fact, it appears that Raintree [substitute trustee] may have been joined as a defendant solely to defeat diversity jurisdiction"); *Sones v. Simmons*, No. 1:05cv424, 2006 U.S. Dist. LEXIS 70282, at *4 (S.D. Miss. Sept. 25, 2006) (holding that substitute trustee "is a nominal party and is not considered for purposes of diversity").

22. Upon information and belief, Tkach was acting as corporate counsel for Poore in this matter. Plaintiff makes no allegations whatsoever against Tkach in this case. Based on the

complete lack of allegations against Tkach, Plaintiff cannot possibly prevail on any claim against Tkach personally.

23. Accordingly, for the reasons set forth above, Tkach has been fraudulently joined to this action. As such, Tkach's citizenship is not relevant to the diversity analysis.

24. Finally, Plaintiff names the "Ocwen Board" in this action. However, Ocwen is a limited liability company, which has members, not directors. *See* 6 Del. Code § 18-402 ("Unless otherwise provided in a limited liability company agreement, the management of a limited liability company shall be vested in its members . . . ."); *see also* Fla. Stat. § 608.422 ("Unless otherwise provided in its articles of organization or the operating agreement, the limited liability company shall be a member-managed company"); Va. Code § 13.1-1051 ("The laws of the state or other jurisdiction under which a foreign limited liability company is formed govern its formation and internal affairs and the liability of its members and managers.").

25. Because Plaintiff cannot establish a claim against the "Ocwen Board" as it is a non-existent entity, the "Ocwen Board" has been fraudulently joined to this action. Therefore, the "Ocwen Board's" citizenship is not relevant to the diversity analysis.

26. Further, Plaintiff makes no claims against any Ocwen members, let alone any specific allegations of any Ocwen member taking any specific action in this case. In any event, such claims would fail as the members of a limited liability company have no liability for the debts, obligations, or liabilities of the company. *See* 6 Del. Code § 18-303 ("[T]he debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company, and no member or manager of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a

member or acting as a manager of the limited liability company."); *see also* Fla. Stat. § 608.4227 ("Except as provided in this chapter, the members, managers, and managing members of a limited liability company are not liable, solely by reason of being a member or serving as a manager or managing member, under a judgment, decree, or order of a court, or in any other manner, for a debt, obligation, or liability of the limited liability company."); Va. Code § 13.1-1019 (providing that "no member, manager, organizer or other agent of a limited liability company shall have any personal obligation for any liabilities of a limited liability company, whether such liabilities arise in contract, tort or otherwise, solely by reason of being a member, manager, organizer or agent of a limited liability company").

27. Because Plaintiff fails to make any allegations against any of Ocwen's members, and Ocwen's members are shielded from personal liability from debts, obligations, and liabilities of the company, Plaintiff cannot establish a claim against them. Accordingly, the "Ocwen Board's" citizenship is not relevant for purposes of establishing diversity jurisdiction.

28. Because co-defendants Poore, Tkach, and the Ocwen Board have all been fraudulently joined, the only parties whose citizenship is relevant to the diversity jurisdiction analysis are Plaintiff, Defendant Ocwen, and Defendant Hunoval.

29. Therefore, there is complete diversity of citizenship as the citizenship of Plaintiff is diverse from the citizenship of Defendants Ocwen and Hunoval.

### 2. **Jurisdictional Amount**

30. Plaintiff's claims, when aggregated, clearly exceed the $75,000 amount in controversy threshold.

31. In his Complaint, Plaintiff alleges damages in the amount of $25,000 for his claims asserted in Count Two, and $174,000 in damages for his claims in Count Three alone.

Overall, Plaintiff seeks $500,000 in compensatory damages "together with attorney fees and court costs."

32. Clearly, Plaintiff's claimed damages sought in this case are well in excess of the jurisdictional minimum.

33. Accordingly, this case qualifies for federal diversity jurisdiction and is property removable pursuant to 28 U.S.C. § 1332.

B. **Federal Question Jurisdiction Exists Over Plaintiff's Claims**

34. Plaintiff alleges that Ocwen "violated federal housing laws" (Complaint at p. 2).

35. Plaintiff also alleges that Ocwen "violated federal laws regarding the UGMA lien" on Plaintiff's property.

36. The Uniform Gift to Minors Act ("UGMA") is not a federal statute, but rather a uniform code which was created such that individual states could enact the same. Further, while Virginia has not adopted the UGMA, it has enacted its own version of the related Uniform Transfers to Minors Act, Va. Code § 64.2-1900 *et seq.*

37. However, it does not appear that Plaintiff is asserting that Ocwen violated the UGMA. Rather, Plaintiff appears to claim that Ocwen violated federal laws related to what Plaintiff is simply describing as a "UGMA lien" on the property.

38. To the extent that Plaintiff is arguing a violation of any unspecified federal laws, such laws arise "under the Constitution, laws, or treaties of the United States," and therefore federal question jurisdiction is proper.

39. Additionally, Plaintiff claims that Ocwen "ruined my reputation and destroyed my ability to ever get a mortgage or own a home again." To the extent that resolution of Plaintiff's claim will involve determination of issues dependent upon and intertwined with federal law, such

as the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, federal question jurisdiction exists over Plaintiff's claims.

40. It is well established that federal jurisdiction exists even when the complaint only purports to assert state law claims if the resolution of those claims depends on significant questions of federal law. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 303, 312 (2005). Indeed, in determining whether issues arise under federal law, the Court considers the substance of the underlying allegation, rather than its label or form. *Kidd v. TA Operating, LLC*, No. 3:10-cv-69, 2010 U.S. Dist. LEXIS 25659 *4-5 (E.D. Va. March 18, 2010) (holding that federal jurisdiction is proper where the allegations, in substance, assert claims arising under the Constitution, laws, or treaties of the United States, despite plaintiff's argument that he brings only state law claims, finding that "the Court must independently analyze the jurisdictional underpinnings by reviewing the allegations of the Complaint"); *Cuyahoga River Power Co. v. N. Ohio Traction & Light Co.*, 252 U.S. 388, 397 (1920) (concluding that "federal question [exists] not in mere form but in substance, and not in mere assertion, but in essence and effect").

41. Removal is thus proper pursuant to 28 U.S.C. § 1441(a) because the controversy between Plaintiff and defendants appears to involve federal questions, purporting to arise under federal law, over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

C. **All Remaining Claims Are Within the Court's Supplemental Jurisdiction**

42. Because the Court has jurisdiction, by virtue of federal question and diversity jurisdiction, over the claims discussed above, this Court has supplemental jurisdiction over all remaining claims. *See* 28 U.S.C. § 1367. Further, Plaintiffs' state law claims are so related to Plaintiffs' federal claims that are within the original jurisdiction of this Court that they form part

of the same case or controversy under Article III of the United States Constitution. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a).

### III. VENUE

43. Venue is proper in this Court, because this district and division encompass the Circuit Court of James City County, Virginia, the forum from which this case has been removed. *See* 28 U.S.C. § 1441.

### IV. NOTICE

44. Concurrent with filing this Notice of Removal, Ocwen will file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of James City County, Virginia and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Notice of Removal, without Exhibit 1, is attached hereto as **Exhibit D**.

45. Upon information and belief, Exhibits A and D represent all of the pleadings filed in this action in the state court.

46. If any questions arise as to the propriety of the removal of this action, Ocwen requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Defendant Ocwen hereby removes this action to this Court and seeks all other relief this Court deems equitable and just.

Dated: August 9, 2013                     Respectfully submitted,

                                          OCWEN LOAN SERVICING, LLC

                                          By: _____
                                                         Of Counsel

Active 21150908v1 241070.000043

Jason E. Manning (VSB No. 74306)
Andrew B. Pittman (VSB No. 47295)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: Jason.Manning@troutmansanders.com
E-mail: Andrew.Pittman@troutmansanders.com

Case 4:13-cv-00108-AWA-TEM Document 1 Filed 08/09/13 Page 13 of 14 PageID# 13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED
AUG -9 2013
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**FRANK BONADIO**

    **Plaintiff,**

v.                                                    Civil Action No. 4:13cv108

**OCWEN LOAN SERVICING, LLC,**
**THE HUNOVAL LAW FIRM, POORE**
**SUBSTITUTE TRUSTEE, LTD.,**
**DAVID TKACH, AND OCWEN LOAN**
**SERVICING BOARD OF DIRECTORS,**

    **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August, 2013, a true and correct copy of the foregoing Notice of Removal was sent via First-Class Mail to the following:

***Pro Se* Plaintiff**
Frank Bonadio
P.O. Box 5391
Williamsburg, VA 23188

**Counsel for Defendant The Hunoval Law Firm**
Brian Calub, Esq.
Jared Slater, Esq.
501 Minuet Lane, Suite 104-A
Charlotte, NC 28217

**Counsel for Defendant Poore Substitute Trustee, Ltd.**
Brian Calub, Esq.
Jared Slater, Esq.
501 Minuet Lane, Suite 104-A
Charlotte, NC 28217

Active 21150908v1 241070.000043

_____
Andrew B. Pittman (VSB No. 47295)
Counsel for Ocwen Loan Servicing, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: jason.manning@troutmansanders.com