**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | |
|---|---|
| **FRANK BONADIO,** | |
| **Plaintiff,** | |
| v. | Case No. 4:13-cv-00108-AWA-TEM |
| **OCWEN LOAN SERVICING, LLC, THE HUNOVAL LAW FIRM, POORE SUBSTITUTE TRUSTEE, LTD., DAVID TKACH, AND OCWEN LOAN SERVICING BOARD OF DIRECTORS,** | |
| **Defendants.** | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants Poore Substitute Trustee, Ltd. ("Poore"), and The Hunoval Law Firm, PLLC ("Hunoval"), move to dismiss Counts One through Eight of Plaintiff Frank Bonadio's ("Bonadio") Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Complaint fails to state a claim upon which relief can be granted.

### BACKGROUND

On July 17, 2013, Bonadio filed this lawsuit against Ocwen Loan Servicing, LLC, ("Ocwen"), Hunoval, Poore, David Tkach and the Ocwen Loan Servicing Board of Directors in the Circuit Court for James City County in Virginia. On August 9, 2013, Ocwen filed a notice of removal removing the case to the United States District Court for the Eastern District of Virginia.

Bonadio's claims arise from a proposed foreclosure sale of the property located at 3505 Danbury Place, Williamsburg, VA 23188 ("Property"), which is currently owned by Bonadio. Hunoval served as counsel for Ocwen in connection with the proposed foreclosure and Poore

was appointed substitute trustee in accordance with the provisions of the Deed of Trust under which terms the foreclosure was to occur. There has not been a foreclosure sale of the Property.

## STANDARD FOR DECISION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal.* at 678. Here, the Complaint fails to allege any facts concerning Poore and Hunoval that give rise to any plausible claim for relief, and therefore, dismissal of the Complaint is appropriate.

## ARGUMENT

Bonadio makes a series of allegations of misconduct against Ocwen related to the proposed foreclosure sale of the Property throughout the eight counts in the Complaint. However, Poore is not named in any of the counts and Hunoval is only named in Count Five. (Compl. Count Five.) In Count Five, Bonadio alleges that Hunoval sent him a certified letter indicating that Bonadio owed $318,000.00. (*Id.*) Bonadio further alleges that he told Hunoval that this was incorrect and that they had the wrong lender. (*Id.*) Bonadio, however, does not allege how this letter sent by Hunoval gives rise to any claim under state or federal law. Throughout the Complaint, Bonadio fails to plead any facts supporting any claim against Poore or Hunoval. (Compl. *passim.*) Furthermore, Bonadio fails to state any legal basis for any theory of liability against Hunoval or Poore. Here, even if the all properly pleaded fact allegations in

the Complaint are taken as true, nothing in the Complaint states any plausible claim for relief against either Poore or Hunoval. Indeed, because Bonadio has failed to state any plausible claims for relief in the Complaint, Poore and Hunoval are unable to formulate any defenses to the theories of liability that Bonadio attempts to plead. To this end, dismissing the Complaint as to Poore and Hunoval is appropriate. *See Ashcroft v. Iqbal*, 556 U.S. at 680 (dismissing complaint because it failed to nudge plaintiff's claims "across the line from conceivable to plausible.").

## CONCLUSION

For all of the foregoing reasons, Poore and Hunoval respectfully request that the Court dismiss all counts of the Complaint against them with prejudice and award such further relief that the Court deems just and proper.

Respectfully submitted,

**The Hunoval Law Firm, PLLC**

Dated: August 15, 2013

/s/ Brian A. Calub
Brian A. Calub (VA Bar No. 46716)
Email: *brian.calub@hunovallaw.com*
Jared Slater (VA Bar No. 79066)
Email: *jared.slater@hunovallaw.com*
501 Minuet Lane, Suite 104-A
Charlotte, North Carolina 28217
Phone: (704) 626-4383
Fax: (704) 625-9158

*Counsel for Poore Substitute Trustee, Ltd., and The Hunoval Law Firm, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th Day of August, 2013, a copy of the foregoing Memorandum in Support of Motion to Dismiss was sent first-class mail, postage prepaid, and email to:

>Frank Bonadio
>3505 Danbury Place
>Williamsburg, Virginia 23188

>**The Hunoval Law Firm, PLLC**

Dated: August 15, 2013 /s/ Brian A. Calub
Brian A. Calub (VA Bar No. 46716)
Email: *brian.calub@hunovallaw.com*
Jared Slater (VA Bar No. 79066)
Email: *jared.slater@hunovallaw.com*
501 Minuet Lane, Suite 104-A
Charlotte, North Carolina 28217
Phone: (704) 626-4383
Fax: (704) 625-9158

*Counsel for Poore Substitute Trustee, Ltd., and The Hunoval Law Firm, PLLC*